(54 Misc. Rep. 43.)

### KNEELAND et al. v. PENNELL.

(City Court of New York, Special Term. January, 1907.)

BANKRUPTCY—PROPERTY PASSING TO TRUSTEE—ATTORNEY'S LIEN.

Code Civ. Proc. § 66, provides that the court may, upon the petition of client or attorney, determine and enforce the attorney's lien upon his client's cause of action and the proceeds thereof. A client was successful.

and his attorney's lien attached to the sum recovered. Afterwards he was sued, and a receiver of his property appointed. He also became a bankrupt more than four months after the lien attached, and the receiver was superseded by a trustee in bankruptcy. *Held*, that the attorney was entitled to have his lien enforced, since the trustee took the debtor's property in the condition he found it at the date of adjudication.

Action by Yale Kneeland and others against John F. Pennell. Motion to enforce an attorney's lien. Motion granted.

Soodale & Hanson, for plaintiffs.
Pratt & Koehler, for defendant.

WADHAMS, J. By section 66, Code Civ. Proc., the court may, upon the petition of client or attorney, determine and enforce the attorney's lien upon his client's cause of action and the proceeds thereof. The attorney and client are agreed upon the amount due, and in the absence of fraud this agreement is conclusive as to the value of the services rendered. The client was successful, and the lien attached to the sum recovered. Notice of the lien was served upon the judgment debtor, and it is conceded that his attorneys hold the funds and are willing to pay them to such person as the court may direct. Since the recovery in this action the judgment creditor has been sued in another action, and himself becomes a judgment debtor, and a receiver of his property appointed in proceedings supplementary to execution. He has also filed a voluntary petition in bankruptcy, and a trustee in bankruptcy has been appointed. The attorneys making the claim, their client (the original judgment creditor), the original judgment debtor, the receiver, and the trustee are all represented upon this motion.

It is clear that the receiver is not entitled to the fund, first, because his claim would be subordinate to that of the attorneys as lienors; and, secondly, because he has been superseded by the trustee in bankruptcy. Neither is the trustee in bankruptcy, in my opinion, entitled to the fund. The lien attached more than four months prior to the bankruptcy. There is no restraining order which prohibits the petitioning attorney from proceeding under the Code to enforce his lien. Under the present bankruptcy act the lien may be enforced after the commencement of the proceedings in the bankruptcy court. Matter of Mertens, 15 Am. Bankr. R. 362, 144 Fed. 818; Crosby v. Miller, 16 Am. Bankr. R. 805; Truda v. Osgood, 71 N. H. 185, 51 Atl. 633; Reed v. Equitable Trust Co., 8 Am. Bankr. R. 242, 42 S. E. 102. In Matter of Mertens, 15 Am. Bankr. R. 362, at page 369, 144 Fed. 818, at page 823, Judge Wallace says:

"Now the trustee takes the property of the bankrupt in the condition in which he finds it at the date of the adjudication, unless it has been incumbered fraudulently or in contravention of some of the provisions of the act. Under the former act there were many decisions that a lien previously acquired could not be enforced subsequent to the commencement of the proceeding, except with the permission of the bankruptcy court. The Supreme Court, however, refused to sanction these decisions, and held that the lienor was entitled to perfect his title and enforce his rights as though no proceeding had been commenced. Eyster v. Gaoff, 91 U. S. 521, 23 L. Ed. 401; Jerome v. McCarter, 94 U. S. 734,

24 L. Ed. 136. * * * While the filing of a petition in bankruptcy is a caveat to all the world, the notice ought not to have the effect of paralyzing all business dealings with the debtor, or to prevent lienors or pledgees from enforcing their contracts."

The lienor in this case has filed a claim in the bankruptcy court, but only for the balance of his claim after applying the sum upon which this lien is claimed in part satisfaction. That was the correct practice. In the case last cited the court says:

"The present act provides that the value of his security may be determined, among other methods, by converting it into money, pursuant to his contract rights, and thus, if he has enforced it as the contract with the debtor allowed, he is permitted to prove the unsatisfied balance of his claim."

The motion prays for an order directing the payment of a sum certain, being the amount of the original recovery; and, as there is no prayer for interest, that question is not before the court.

Motion granted. The original debtors will be directed to pay to the attorneys the amount of their lien, namely, $410.41, upon delivery of a satisfaction piece duly executed by the original judgment creditors. Settle order on notice.